DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

BRODERICK KARCEWSKI,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2021-3443

_____

September 13, 2024

Appeal from the Circuit Court for Hillsborough County; Laura E. Ward, Judge.

Olivia M. Goodman and Rachael E. Reese of O'Brien Hatfield, P.A., Tampa, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Sonia C. Lawson, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Broderick Karcewski appeals his judgment and sentence for lewd or lascivious molestation of a child under twelve as well as the order denying in part and dismissing in part his second motion for new trial. Karcewski raised four issues on appeal. We affirm but write to briefly address the issue related to potential juror misconduct.

Karcewski contends that fundamental error occurred due to juror misconduct arising from a juror's purported lack of candor during jury selection. Karcewski also argues that the trial court abused its discretion in denying in part and dismissing in part his second motion for new trial because good cause existed to permit an amendment to the original motion for new trial due to the receipt of a juror investigation report after the expiration of the ten-day period in which to request a juror interview.

The original motion for new trial contained several arguments unrelated to juror misconduct, and it was during the pendency of that motion that Karcewski received a juror investigation report regarding potential juror misconduct. However, Karcewski did not seek to amend the original motion for new trial to include that new information. It was only after the trial court denied the original motion for new trial and entered the judgment and sentence—two months after the juror investigation report was received—that Karcewski filed his second motion for new trial raising the issue of juror misconduct. The trial court concluded that the second motion was untimely filed pursuant to the applicable rules of criminal procedure and that no good cause had been shown for the delay in bringing the issue to the trial court's attention. The trial court denied the motion pursuant to those rules.[1]

---

[1] The trial court also addressed Karcewski's alternative argument that his motion could be considered under Florida Rule of Criminal Procedure 3.850, but the trial court ultimately dismissed the motion based on this alternative theory because the judgment and sentence were not yet final. The trial court did so without prejudice to Karcewski filing a timely, facially sufficient postconviction motion once the judgment and sentence become final.

We are troubled by the juror's possible lack of candor.  But based on the record before this court, we reject the argument that the trial court erred in denying in part and dismissing in part Karcewski's second motion for new trial.  The record before this court also constrains us to reject Karcewski's fundamental error argument.  Accordingly, we affirm without prejudice to Karcewski's right to file a timely, facially sufficient motion for postconviction relief.

Affirmed.

NORTHCUTT, SILBERMAN, and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.